IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LADDARIOS WRIGHT, | : |
| Petitioner. | : |
| vs. | : CIVIL ACTION 13-0460-WS-M |
| GARY HETZEL, | : |
| Respondent. | : |

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.[1] It is recommended that the habeas petition be denied and that this action be dismissed. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of murder in the Circuit Court of

---

[1]Wright has filed a Motion for Evidentiary Hearing and Appointment of Counsel (Doc. 10). This Motion is **DENIED** as a hearing is unnecessary for resolution of the claim raised herein. Furthermore, it is unnecessary to appoint counsel as Wright has

1

Clarke County on April 21, 2006 for which he received a sentence of life in the state penitentiary (Doc. 1, p. 2; *cf.* Doc. 7, p. 2). Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence (Doc. 7, Exhibit D). Wright's application for rehearing was overruled (Doc. 7, Exhibit E2) and his petition for *certiorari* was denied by the Alabama Supreme Court (Doc. 7, Exhibit F2). The Alabama Court of Criminal Appeals issued a Certificate of Judgment on January 11, 2008 (*see* Doc. 7, p. 3).

Petitioner filed a State Rule 32 petition that was denied in the Circuit Court (Doc. 7, Exhibit G, pp. 68-70). The Alabama Court of Criminal Appeals affirmed that decision (Doc. 7, Exhibit H). The Alabama Court of Criminal Appeals overruled Wright's application for rehearing and the Alabama Supreme Court denied his petition for *certiorari* (Doc. 7, p. 4; *cf.* Doc. 1, p. 5). On November 9, 2012, a Certificate of Judgment was entered on the Rule 32 petition.

Petitioner filed a complaint with this Court on September 17, 2013, raising the following claims: (1) His conviction was obtained through the use of evidence gathered from a warrantless search and seizure; (2) improper character evidence and hearsay testimony were used against him; (3) the trial court improperly

---

sufficiently explained his claim and the basis for it.

denied a motion for mistrial based on juror misconduct; and (4) the trial judge improperly denied his motion for acquittal (Doc. 1).

In his answer, Respondent has asserted that Wright has not exhausted claims two, three, and four as he abandoned them in his application for rehearing before the Alabama Court of Criminal Appeals and in his petition for *certiorari* before the Alabama Supreme Court (Doc. 7, pp. 6-7). Respondent goes on to assert that these three claims are now procedurally defaulted as the time for Wright to raise them has expired; Respondent further argues that Petitioner has not demonstrated cause and prejudice for his failure to raise these claims in a timely manner (Doc. 7, pp. 7-9).

Wright has responded by acknowledging that claims two, three, and four are unexhausted and procedurally defaulted in the State Courts (Doc. 9). He goes on to request that he be allowed to withdraw these three claims so that the Court may proceed to a ruling on the remaining claim (Doc. 9). The Court construes Petitioner's request as a Motion to Withdraw Claims Two, Three, and Four in his Habeas Petition (Doc. 9). The Court **GRANTS** this Motion.

In his petition, Wright has asserted that his conviction was obtained through the use of evidence gathered from a

3

warrantless search and seizure (Doc. 1, pp. 19-21). In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Supreme Court held that "[w]here the state has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial."

The evidence shows that Wright filed a motion to suppress the evidence at trial (Doc. 7, Exhibit A2); that motion was denied after a hearing with testimony from two witnesses (Doc. 7, Exhibit G, Volume II, pp. 214-94). The trial judge specifically found that Petitioner had consented to the search (*id.* at p. 294). On direct appeal, the Alabama Court of Criminal Appeals found no error in the trial court judge's denying the motion to suppress (Doc. 7, Exhibit D, pp. 4-6). Wright raised this claim again before the Alabama Supreme Court but that Court did not address it as it denied Wright's petition for writ of *certiorari* (Doc. 7, Exhibits F1, F2).

The Court finds that the rule of law announced in *Stone* is applicable in this action. Because Petitioner's claim relates solely to an alleged fourth amendment violation, and because this claim was fully litigated in the state courts, habeas corpus relief is not available here.

Petitioner originally raised four claims in bringing this action (Doc. 1); he subsequently withdrew three of those claims (Doc. 9). The Court finds that habeas relief is not available to Wright on his remaining claim as the State courts have repeatedly found that he had consented to the search of his vehicle. Therefore, it is recommended that this habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Gary Hetzel and against Petitioner Ladarrios Wright.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Inasmuch as the Court has found that Wright has raised this claim in the State Courts which have all found that he consented to the search, this Court need not address this claim under the holding of *Stone*.

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(B); S.D. Ala. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

6

Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 24th day of December, 2013.


                                                  s/BERT W. MILLING, JR.
                                                  UNITED STATES MAGISTRATE JUDGE